IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

*vs*.                                                        CRIMINAL ACTION NO. 1:09CR5
                                                            (The Honorable Irene M. Keeley)

DUSTIN BOULWARE,

        Defendant.

### ORDER/OPINION DENYING DEFENDANT'S *PRO SE* MOTIONS

It shall be recalled that on the 5th day of March 2009, came the Defendant, Dustin Boulware, in person and by Travis Fitzwater, his then-attorney, and also came the United States, by Assistant United States Attorney Sherry Muncy for a hearing on Defendant's *pro se* motion for change of counsel, filed February 24, 2009, bearing Docket Entry Number 21. Following that hearing, the Court granted Defendant's motion, relieving Mr. Fitzwater as counsel and directing the Federal Public Defender's Office to appoint new counsel for Defendant.

One of Defendant's arguments in favor of change of counsel was that he had just discovered, through a co-defendant, that the date for filing pre-trial motions in his case had passed, he had not received any discovery in the matter, and he was not aware that Mr. Fitzwater had filed any pre-trial motions on his behalf. Defendant therefore moved the court, *pro se*, to direct the government to provide certain discovery. The Court ordered Defendant's handwritten motions be filed for the record, noting, however, that they were not considered at that time by the Court, inasmuch as new counsel would be appointed, and until such time that new counsel adopted said motions.

On March 31, 2009, the Court ordered new counsel, Roger Curry, to advise whether he was adopting Defendant's *pro se* motions on or before Friday April 3, 2009.

On April 3, 2009, Roger Curry, counsel for Defendant, filed a "Notice" advising that he deemed all of Defendant's *pro se* motions rendered moot by the provisions of the Scheduling Order and Revised Scheduling Order "because all relief prayed for has already been ordered provided." Counsel therefore advised that he did not adopt or endorse the motions.

A number of jurisdictions outside of the Fourth Circuit have addressed the situation where a Defendant who is represented by counsel attempts to have the Court consider motions filed *pro se* and which were not adopted by counsel.

In *Downs v. Hubbert*, 171 Fed. Appx. 640 (9th Cir. 2006) 2254, a case not appropriate for publication the Court stated: "Appellant's pro se motions are denied because appellant is represented by counsel, and only counsel may file motions."

In *U.S. v. Christian*, 193 Fed. Appx. 800 (10th Cir. 2006) 2255, another case not selected for publication Christian sought 2255 relief from a sentence due to alleged ineffectiveness of counsel. The Magistrate Judge conducted a hearing and recommended denial of Christian's motion. Christian filed a pro se request for certificate of appealability and request to proceed ifp. His habeas counsel filed a notice of appeal and request to proceed ifp. "Because he was represented by counsel, the district court denied Christian's pro se motions."

In *Vitatoe v. Jones*, 810 F.2d 204 (6th Cir. 1986), the Court stated: "[D]efendant does not have a Constitutional right under Tennessee Constitution to both represent himself and be represented by counsel" citing *State v. Burkhart*, 541 S.W.2d 365 (Tenn. 1976) and *State v. Muse*, 637 S.W.2d 468 (Tenn Crim. App. 1982); "no error for trial court to refuse to consider pro se motions filed in violation of time requirements and when Defendant was also represented by council."

In *U.S. v. Sandles*, 2008 WL 275684 (EDMich, 2008), Defendant filed two pro se motions to recuse trial judge and counsel filed a motion to recuse the trial judge. The Court stated: "Since Sandles is represented by counsel, his pro se motions for recusal shall be stricken and this court shall consider only the motion filed by counsel."

In *U.S. v. Young*, 2009 WL 163045 (E.D.Pa., 2008), where Young, represented by counsel since arraignment, filed eight pro se motions, the Court declined to consider the motions stating: "A criminal Defendant has a right to counsel. He may alternately proceed pro se, provided that he waives his right to counsel. However, a criminal Defendant has no right to 'hybrid' representation, that is, representation both pro se and by counsel in the same proceeding (internal citations omitted). Citing a litany of cases, the Court held "because Young was not entitled to 'hybrid' representation both pro se and by counsel, the Court will not consider his pro se motions, except those that have been adopted by his counsel in connection with the motion to withdraw guilty plea." In FN8 the Court stated: "Even if the Court were to consider the pro se motions, they would be denied." The court went further by discussing each motion and the reason it would be denied within the footnote.

In *United States v. Essig*, 10 F.3d 968, 973 (3rd Cir., 1993) the Court held that a court need not consider pro se motions filed by a Defendant who is represented by counsel.

In *United States v. Vampire Nation*, 451 F.3d 189, 206 n. 17 (3d Cir. 2006) the Court noted: "We observe that the District Court docket is replete with pro se motions that Banks filed while represented by counsel. We note that the District Court, perhaps in an attempt to retain control of the proceedings in the face of the [defendant's] onslaught of pro se motions, ordered on March 8, 2005, that the Clerk of Court was not to accept any further pro se filings from Banks. The District Court was within its authority to do so."

Following the reasoning of *Young, Essig* and *Vampire Nation,* this Court stated on the record of a prior hearing that, as a general rule, it would not permit Defendants, who were not proceeding *pro se* or under the grant of hybrid representation, to file their own motions when those motions were not adopted by counsel. If permitted to do so, the Court and the government would be forced to respond in every instance to every motion whether spurious or otherwise. The Court therefore stated it would deny the motions as improvidently filed.

The Court finds that Defense Counsel had sufficient time to review the discovery provided by the United States through this Court's initial scheduling order and the motions filed by Defendant, has advised this Court that the relief requested by Defendant's pro se motions has been provided; that the pro se motions have been rendered moot by the United States' discovery; and that he was not adopting Defendant's pro se motions.

Upon consideration of all which, the Court **DENIES AS MOOT** Defendant's motions filed *pro se* on March 5, 2009 [Docket Entry 27].

The Clerk is directed to provide a copy of this order to counsel of record.

DATED: April 8, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE